## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

POOH-BAH ENTERPRISES, INC., et al. )

   Plaintiffs, )

   v. )

CITY OF CHICAGO, et al., )

   Defendants. )

FILED-ED4

96 JUL 29 AM 11: 20

CLERK
U.S. DISTRICT COURT

96C 4642

DOCKETED
JUL 30 1996

JUDGE NORDBERG

MAGISTRATE JUDGE ASHMAN

### NOTICE OF FILING

To: Robert J. Weber
  221 N. LaSalle St., Suite 3800
  Chicago, IL 60601

PLEASE TAKE NOTICE that on July 29, 1996, defendants filed with the Clerk of the above Court appearances and notice of removal, copies of which are attached and hereby served upon you. Illinois, a copy of which is hereby served upon you.

DATED at Chicago, Illinois, this 29th day of July, 1996.

       SUSAN S. SHER
       Corporation Counsel
       City of Chicago


    By: _____
       Mary Beth S. Robinson
       Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-0746

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| POOH-BAH ENTERPRISES, INC. an Illinois private corporation; ACE ENTERTAINMENT COMPANY, INC., an illinois private corporation; PERRY MANDERA, Pooh Bah president and Ace Entertainment Co., Inc. president; LISA D. SIMS, CHRISTEN E. HADSALL, and SUSAN L. LJENQUIST, entertainers and dancers; and PETER ABRUZZO, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF CHICAGO, an Illinois municipal corporation; RICHARD M. DALEY, in his official capacity as Mayor of the City of Chicago; and WINSTON MARDIS, in his official capacity as Director of the Mayor's License Commission; LICENSE APPEAL COMMISSION; WILLIAM D. O'DONAGHUE, Chairman; ALBERT D. MCCOY and IRVING J. KOPPPEL, Commissioners, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

96C 4642

JUDGE NORDBERG

MAGISTRATE JUDGE ASHMAN

DOCKETED
JUL 30 1996

### NOTICE OF REMOVAL

Defendants CITY OF CHICAGO, RICHARD M. DALEY, in his official capacity as Mayor of the City of Chicago, WINSTON MARDIS, in his official capacity as Director of the Mayor's License Commission, LICENSE APPEAL COMMISSION, WILLIAM D. O'DONAGHUE, Chairman, ALBERT D. MCCOY and IRVING J. KOPPPEL, Commissioners, ("Defendants") by their attorney, Susan S. Sher, Corporation Counsel, hereby remove the above-titled action pursuant to 28 U.S.C. Section 1441(b) on the following grounds:

1.     Defendants are named parties in a civil action in the Circuit Court of Cook

County of the State of Illinois, No. 93 CH 4559 entitled, <u>Pooh Bah Enterprises, Inc. et al. v. City of Chicago, et al.</u>  (A copy of plaintiffs' Third Amended Complaint is attached.)

2.     Plaintiffs first filed their Complaint in circuit court on May 18, 1993.  The original Complaint did not contain any claims arising under the U.S. Constitution.

3.     On July 12, 1994, the circuit court granted plaintiffs leave to file their First Amended Complaint.  Like their original Complaint, plaintiffs' First Amended Complaint did not contain any federal claims.

4.     On March 23, 1995, the circuit court granted plaintiffs leave to file their Second Amended Complaint.  Again, plaintiffs' Second Amended Complaint did not contain any claims arising under the U.S. Constitution.

5.     On July 10, 1996, the circuit court granted plaintiffs leave to file their Third Amended Complaint and on that day plaintiffs served a copy of their Third Amended Complaint on defendants.  Plaintiffs' Third Amended Complaint raises for the first time claims arising under the United States Constitution, and these matters involve a federal question.  A copy of plaintiffs' Third Amended Complaint is attached.

6.     Specifically, plaintiffs allege, among other things:

(1)     "The actions of the Municipal Defendants as hereinabove described threaten the Dancers' rights of free speech and expression as guaranteed by the United States Constitution."  Third Amended Complaint, ¶ 29.

(2)     "Based on the above and foregoing, the City has [denied plaintiffs] the right to equal protection secured by the Fourteenth Amendment to the United States Constitution, in violation of the 42 U.S.C. Sec. 1983." <u>Id.</u> at ¶ 34.

7.     Defendants are entitled to remove this cause to this Court pursuant to the provisions of 28 U.S.C. Section 1441(b).

8.     All defendants consent to removal.

WHEREFORE, defendants hereby remove the above-described action now pending in the Circuit Court of Cook County in the State of Illinois, No. 93 CH 4559 to this Court.

Dated:  July 29, 1996

Respectfully submitted,

SUSAN S. SHER
CORPORATION COUNSEL

By: _____

Assistant Corporation Counsel

Diane A. Pezanoski
 Senior Supervising Attorney
Mary Beth S. Robinson
 Assistant Corporation Counsel
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-6996/0746
Atty. No. 6202888

3

RJW (3-18-95)

Atty. No. 25892

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **POOH BAH ENTERPRISES, INC.,** an Illinois private corporation; **ACE ENTERTAINMENT COMPANY, INC.,** an Illinois private corporation; **PERRY MANDERA,** Pooh Bah president and Ace Entertainment Co., Inc. president; **LISA D. SIMS, CHRISTEN E. HADSALL,** and **SUSAN L. LJENQUIST,** entertainers and dancers; and **PETER ABRUZZO,** <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF CHICAGO,** an Illinois municipal corporation; **RICHARD M. DALEY,** in his official capacity as Mayor of the City of Chicago; and **WINSTON MARDIS,** in his official capacity as Director of the Mayor's License Commission; **LICENSE APPEAL COMMISSION; WILLIAM D. O'DONAGHUE,** Chairman; **ALBERT D. MCCOY** and **IRVING J. KOPPEL,** Commissioners, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 93 CH 4559 ) ) In Chancery ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTION AND ADMINISTRATIVE REVIEW

**NOW COME** the Plaintiffs, Pooh Bah Enterprises, Inc. ("Pooh Bah"), Perry Mandera ("Mandera"), Ace Entertainment Company, Inc. ("Ace"), Lisa D. Sims, Christen E. Hadsall, Susan L. Ljenquist and Peter Abruzzo, by and through their attorneys, Samuel V.P. Banks and Robert J. Weber, and, complain against the defendants, City of Chicago ("the City"), Richard M. Daley ("Daley"), Winston Mardis ("Mardis"), the License Appeal Commission ("the LAC"), William D. O'Donaghue ("O'Donaghue"), Albert D. McCoy ("McCoy") and Irving J. Koppel ("Koppel"), as follows:

## Nature of the Action

1. This action in multiple counts is for a declaratory judgment, and for permanent injunctive relief arising from the Defendants' threat to the Plaintiffs in their business, profession and leisure, and from the Defendants' unlawful interference with the constitutionally protected expression in which each of the Plaintiffs have engaged and desire to continue to engage without unlawful restraint.

2. This action arises in part under sections 2 and 4 of article 1 of the Illinois Constitution of 1970; accordingly, all references herein to a constitution are to the Illinois constitution. The action also arises in part under paragraphs 2-701, 3-101 and 11-101 et seq. of the Illinois Code of Civil Procedure (725 ILCS 5/2-701, 5/3-101 and 5/11-101 et seq.); in part under section 5/4-1, et seq. of the Illinois Liquor Control Act (235 ILCS 5/4-1, et seq. (1993)); and in part under Section 4-60-010 et seq. of the Chicago Municipal Code.

## Venue

3. Venue is proper in this Court under paragraph 2-101 of the Illinois Code of Civil Procedure (725 ILCS 5/2-101) because the transactions and events about which the Plaintiffs complain all occurred in Cook County, Illinois.

## Parties

4. Pooh Bah is a corporation organized and operating under the laws of the State of Illinois. It leases property ("the Subject Property") located at 1531 North Kingsbury in the City of Chicago, County of Cook, Illinois, where it operates its business under the name of "Thee Doll House." In the course of operating Thee Doll House, Pooh Bah disseminates to consenting adult members of the public adult oriented but non-obscene expression which is presumptively protected by the free speech provision of the Illinois Constitution.

5. Ace, by and through its sole shareholder, Mandera, acquired fifty percent (50%) of the stock of Pooh Bah on June 1, 1993 solely for investment purposes. On August 9, 1993, Ace, by and through Mandera, solely for economic purposes to protect its previous investment and not to shelter or insulate any person from code enforcement proceedings,

acquired the other fifty percent (50%) of the Pooh Bah stock. As of August 9, 1993, Ace was and continues to be the sole shareholder of Pooh Bah. Pooh Bah is, and at all times relevant was, the liquor licensee for the Subject Property. Mandera is the president of Pooh Bah and Ace.

6. Plaintiffs, Lisa D. Sims, Christen E. Hadsall and Susan L. Ljenquist (collectively "Dancers") are and were at all times material presented by Pooh Bah as, *inter alia*, dancers who perform both choreographed and free lance dance routines to music on a stage or stages before Pooh Bah's customers. Each Dancer expresses, through such dancing, emotional and sensual, but non-obscene, themes to Pooh Bah's customers. Each Dancer desires to continue to present without unlawful restraint such expressions which are presumptively protected by the free speech provisions of the Illinois constitution.

7. Plaintiff Peter Abruzzo ("the Patron") is and was at all times material a paying customer and patron of Pooh Bah and as such freely chose to receive the emotional and sensual but non-obscene expressions of the dancers performing to music on the stages within the enclosed premises of Thee Doll House. Patron desires to continue to receive such expressions without unlawful restraint.

8. The City is a municipal corporation organized and operating under the Constitution and laws of the State of Illinois. As such, it attempts to enforce within its territorial jurisdiction, through its police officers and other officers and agents, both state statutes and municipal ordinances, and it attempts to regulate, through its licensing powers, businesses, including those which engage in constitutionally protected expression.

9. Daley is the duly elected mayor of the City. As such, he generally oversees the operations of its police department and all other executive departments. In addition, he is charged by they City's licensing ordinances, among them sections 4-4-030, 4-4-060 and 4-16-320 of the Chicago Municipal Code ("the Code"), with issuing and approving the issuance of the business and related licenses which the Code requires. He is sued here in his official capacity.

10.  Mardis is the Director of the Mayor's License Commission ("the Commission") and as such assists Daley in the exercise of the powers and the performance of the duties of local liquor control commissioner.

## Ordinances Involved

11.  Section 4-60-140(d) of the Code provides in relevant part, as follow:

"(d) No person licensed under this chapter shall permit any employee, entertainer or patron to engage in any live act, demonstration, dance or exhibition on the licensed premises which exposes to public view:

(1)  his or her genitals, pubic hair, buttocks, perineum and anal region or pubic hair region; or

(2)  any device, costume or covering which gives the appearance of or simulates the genitals, pubic hair, buttocks, perineum, anal region or pubic hair region; or

(3)  any portion of the female breast at or below the areola thereof.

For purposes of this section, any of the items described in paragraphs (1) through (3) shall be considered exposed to public view if it is uncovered or is less than completely and opaquely covered."

12.  Section 8-4-090 of the Code, effective January 1, 1993, provides in relevant part, as follows:

"(a)  Any premises used for prostitution, illegal gambling, illegal drug trafficking or any other activity that constitutes a felony, misdemeanor, business offense or petty offense under federal, state or municipal law is hereby declared to be a public nuisance.  (b)  Any person who owns or controls any premises and who encourages or permits an illegal activity described in subsection (a) to occur or continue on such premises shall be subject to a fine of not less than $200 and nor more than $500 for each offense.  Each day that a violation of this subsection (b) continues shall be considered a separate and distinct offense."

4

Sections 4-60-140(d) and 8-4-090(b) of the Code shall hereinafter sometimes be referred to as "the Relevant Sections".

13.  Section 4-60-060 ("Section 4-60-060") of the Code provides in relevant part, as follows:

> **"Licenses - Fees and other policies**.
>
> (c)  Whenever any changes occur in the members of a partnership, the officers or directors of a club, or the officers, directors, managers or shareholders owning directly or beneficially more than five percent of the shares of a corporation licensed pursuant to this chapter, such changes shall be reported in writing to the director of revenue within 30 days of the effective date of such change.  The licensee shall pay a fee of $250.00 at the time of filing the notice of such change with the department of revenue.  All new partners, officers, directors, managers or shareholders owning more than five percent of a corporation shall satisfy all of the eligibility requirements for a liquor licensee as provided in this chapter.  Failure to comply with the requirements of this subsection shall be grounds for revocation of any liquor license held by such licensee. (Coun. J. 12-9-92, p. 25465)"

## General Allegations

14. At all times relevant, Pooh Bah has held, among others, the following described licenses issued to it by the City:

   a.  public place of amusement licenses I and III;

   b.  tavern license; and

   c.  music and dance license.

If any one of these licenses is suspended or revoked, Pooh Bah will not be able to conduct business as Thee Doll House.

15. On and after February 10, 1993, Pooh Bah has offered and continues to offer to consenting adult members of the public (hereinafter sometimes referred to as "the Audience"), including the Patron, non-obscene expression of emotional and sensual themes in the form of dancing performed on stages by the Plaintiff Dancers and other dancers who do not expose to public view specified anatomical areas.  Specifically, the dancers wear at a

5

minimum: 1) thong or bikini bottoms ("Thong Bottoms") which cover their vagina and the middle portions of the buttocks; and 2) opaque latex tops ("Opaque Latex Tops") which cover the majority of the surface of each breast including all of the areola. The Dancers are never totally nude in that the Thong Bottoms and/or the Opaque Latex Tops are removed. The Audience does not participate in the dancing.

This expression is presumptively protected by the free speech provision of section 4 of article 1 of the Illinois Constitution of 1970 and is immune under this provision from any restraint by the Defendants or by any other government officials.

16. The Dancers begin their choreographed and free lance dance routines wearing costumes consisting, in part, of gowns, shoes, stockings and various undergarments. During their routines, the Dancers from time to time remove portions of their costumes as an essential and integral part of the emotional and sensual themes they are expressing for themselves and to the Audience. At the end of their routines and as a continuing and essential part of their emotional and sensual themes, the dancers wear thong bottoms and an opaque latex covering over that portion of their breasts at or below the areola. At no time are the dancers less clothed than described above. At no time are the most private parts of the dancers' bodies exposed to public view.

17. Since December of 1992, Pooh Bah's owners invested in excess of $1 million dollars renovating and decorating the Subject Property and in the business to be an appropriate forum for the expressive activities of, among others, the Dancers and the Audiences. The building on the Subject Property and within which dancers perform and Audiences observe is fully enclosed such that performances are visible only to those adults who are employed or chose to pay a cover charge of $10.00 and are allowed to enter.

18. The area surrounding the Subject Property essentially consists of manufacturing and commercial zones and uses. There is no school, residence or adult use within 1000 feet.

19. The typical customer of Thee Doll House is a businessman and/or conventioneer dressed in a suit and tie who arrives at the Subject Property by automobile or cab. Customer and valet parking is available in designated areas on or adjacent to the Subject Property.

20. Since Thee Doll House opened for business, none of its customers or employees caused an incident involving other customers, neighbors or Pooh Bah employees in or adjacent to the Subject Property for which the police were required to be called.

21. On account of its business on the Subject Property, Pooh Bah pays approximately $4,000.00 per month in amusement taxes and $6,000.00 per year in licensing fees to the City and pays approximately $18,000.00 per month in retailer occupation taxes to the State of Illinois. Pooh Bah has approximately seventy management and service employees working at the Subject Property in addition to approximately one hundred female entertainers who perform from time to time.

## COUNT I

As and for count I, the Plaintiffs complain of the City, Daley and Mardis, as follows:

1-21. The Plaintiffs reassert the allegations contained in paragraphs 1 through 21 of this complaint as if fully restated in this Count.

22. On or about March 22, 1993, the City, Daley and Mardis (collectively, "the Municipal Defendants") issued and served upon Pooh Bah a notice of a hearing ("the Notice of Hearing") to be conducted before Mardis and the Mayor's License Commission ("the LLCC") seeking revocation of all business and related licenses which the City has heretofore issued to Pooh Bah. A copy of the Notice of Hearing, bearing docket number 93 LR 42, is attached hereto as Exhibit A and made a part hereof. Through the administrative proceedings commenced by the Notice of Hearing, the Municipal Defendants sought to revoke Pooh Bah's licenses on the basis of allegations that some of the expression which occurred at Thee Doll House on February 22, 1993 may have been unlawful on account of the attire of the Dancers,

7

allegedly in violation of the Relevant Sections of the Code. The Municipal Defendants also assert similar allegations concerning expression which allegedly occurred at Thee Doll House on February 23, 1993 and February 24, 1993.

23. On October 26, 1993, the Municipal Defendants, acting through the LLCC, issued an order of revocation ("the Order of Revocation"), a true and correct copy of which is attached hereto as Exhibit B. In the Order of Revocation, the Municipal Defendants purport to revoke all of Pooh Bah's city licenses.

24. Pooh Bah appealed to the LAC which, on January 24, 1995, after hearings, affirmed ("the LAC Order") the Order of Revocation.

25. On March 3, 1995, the LAC denied Pooh Bah's application for rehearing.

26. By reason of the Order of Revocation and the LAC Order and the resulting revocation of all City licenses, the Subject Premises are threatened with immediate closing.

27. Section 4-4-280 of the Code purports to authorize the Municipal Defendants to revoke a general business license issued pursuant to section 4-4-020 for any violation by the licensee of any applicable state statute or municipal ordinance. Sections 4-4-280 and 4-16-490 of the Code similarly purport to authorize the Municipal Defendants to revoke a public place of amusement license issued pursuant to sections 4-16-230 or 4-16-300 and a retail liquor license for the same reasons.

28. A constitutional construction of sections 4-60-140(d) and 8-4-090(b) of the Code cannot prohibit the expressive dancing hereinabove described, an essential and integral part of which is the non-obscene exposure of portions of the human body to the Audience.

29. As set forth above, each of the Plaintiffs has a protectable interest herein. The actions of the Municipal Defendants as hereinabove described threaten Pooh Bah's constitutionally protected right of free expression and its investment in the Subject Property and its business, Thee Doll House. The actions of the Municipal Defendants as hereinabove described threaten the Dancers' rights of free expression as guaranteed by the Illinois

constitution. These same actions of the Municipal Defendants threaten the Patron's right to freely observe and receive expression as guaranteed by the Illinois constitution.

30. If injunctive relief is not afforded Plaintiffs, they will be irreparably harmed in that their rights of free expression guaranteed by the Illinois constitution are threatened. Further, Pooh Bah will lose business, income and its competitive position in amounts incapable of calculation if the Municipal Defendants are allowed to suspend or revoke its business licenses *pendente lite*.

31. For the same reasons as set forth in paragraph 30 above, Plaintiffs do not have an adequate remedy at law. There is no cause of action or money judgment that can compensate Plaintiffs for the loss or impairment of their rights of free expression as guaranteed by the Illinois constitution. The very process of revocation and the adverse publicity connected therewith has damaged and will continue to damage Pooh Bah's reputation and good will in that customers believe Pooh Bah is closed or under police surveillance.

32. Plaintiffs, in requesting a preliminary injunction, merely seek to maintain the status quo *pendente lite*.

33. If a preliminary injunction is not granted, the actual and potential economic and constitutional harm to Plaintiffs will far exceed any benefit to Municipal Defendants essentially because Plaintiffs' rights of free expression will be impaired without any appreciable gain to the Municipal Defendants or the public in general. It is not against the public interest to enjoin the Municipal Defendants from enforcing any suspension or revocation *pendente lite*.

34. Therefore, a justiciable issue exists.

**WHEREFORE**, Plaintiffs Pooh Bah, Dancers and Patron respectfully request that the court:

(a)  make a binding declaration that the Relevant Sections of the Code do not prohibit expressive dancing in the Subject Premises by Dancers when wearing a thong bottom and latex as hereinabove defined;

(b)  make a binding declaration that the actions of Pooh Bah and its dancers as alleged in the Notice of Hearing are not violations of the Relevant Sections of the Code;

(c)  grant Plaintiffs temporary relief *pendente lite* enjoining the Municipal Defendants from enforcing the Order of Revocation;

(d)  grant Plaintiffs permanent relief enjoining the Municipal Defendants from enforcing the Order of Revocation; and

(e)  grant Plaintiffs such other relief as this court deems just and equitable.

## COUNT II

In the alternative and assuming that the court finds that the Relevant Sections of the Code, as written, require dancers on the Subject Premises to wear, as a condition of their dancing, covering in excess of the Thong Bottoms and Opaque Latex Tops, then Plaintiffs complain against the Defendants, as follows:

1-29.  The Plaintiffs reassert the allegations contained in paragraphs 1 through 29 of count I as fully restated in this count.

30.  Plaintiffs' rights in the expression described in paragraphs 15 and 16 above are protected by article 1, section 4 of the Constitution of the State of Illinois.

31.  As applied to Pooh Bah's presentations, the Dancers' non-obscene but sensual and emotional expressions, and the Patron's observation and reception of the same, as described above, the Relevant Sections of the Code violate section 4 of article 1 of the Illinois Constitution in that:

(a)  They interfere with, restrict and unduly censor and regulate the right of expression of Pooh Bah and the Dancers;

(b)  They interfere with, restrict and unduly censor and regulate the right of the Patron to observe, receive and enjoy said expressions of the Dancers; and

10

(c)  There is no legitimate public purpose served by such restrictions

32.  The Defendants claim, in general and without specificity, that the prohibitions contained in the Relevant Sections against exposing on a premise where alcohol is served portions of the male or female buttocks and that portion of the female breast below the top of the areola are necessary for the health, safety and welfare of the public, and further that the public interest requires that, during an expressive, non-obscene dance in the Subject Property, no portion of a dancer's buttocks and no portion of a dancer's breast below the tope of the areola be exposed to public view.

33.  Therefore, a justiciable issue exists.

WHEREFORE, Plaintiffs, Pooh Bah, Dancers and Patron, respectfully request that the court:

(a) make a binding declaration that the Relevant Sections are unconstitutional as applied to the expressive dancing in the Subject Premises by Dancers when wearing a Thong Bottoms and Opaque Latex Tops in that they violate Plaintiffs' rights of free expression as guaranteed by section 1 of article 4 of the Illinois constitution.

(b) grant Plaintiffs temporary relief *pendent lite* enjoining the Municipal Defendants from enforcing the Order of Revocation;

(c) grant Plaintiffs Permanent relief enjoining the Defendants from enforcing the Order of Revocation; and

(d) grant Plaintiffs such other relief as this court deems just and equitable.

## COUNT III

In the alternative and assuming that the court finds that the Relevant Sections of the Code, as written, require covering in excess of the Thong Bottoms and Opaque Latex Tops, then Plaintiffs complain against the Municipal Defendants, as follows:

1-29. The Plaintiffs reassert the allegations contained in paragraphs 1 through 29 of count II as if fully restated in this count.

30. The Relevant Sections are unconstitutional on their face in that no set of circumstances exist where the enforcement of these sections as to any premises licensed by the City in the same manner as Pooh Bah would not constitute a violation of a person's rights to free expression as guaranteed by section 4 of article 1 of the Illinois Constitution in that the Relevant Sections:

    a. improperly discriminate against active expressive conduct in the form of live acts, demonstrations, dances and exhibitions as distinguished from passive presence and working;

    b. are overbroad;

    c. effect a prior restrain; and

    d. unduly regulate the content of expression.

31. The Municipal Defendants dispute this, claiming that the prohibitions contained in the Relevant Section are necessary for the health, welfare and safety of the citizens, and therefore, do not unnecessarily and unreasonably infringe upon the rights of free expression as guaranteed by section 4 of article 1 of the Illinois Constitution.

32. Therefore, a justiciable issue exists.

**WHEREFORE**, Plaintiffs Pooh Bah, Dancers and Patron respectfully request that the court:

    (a) make a binding declaration that the Relevant Sections of the Code are unconstitutional on their face in that they prohibit expressive, non-obscene dancing in the Subject Property by persons when wearing Thong Bottoms and Opaque Latex Tops;

    (b) grant Plaintiffs temporary relief *pendente lite* enjoining the Defendants from enforcing the Order of Revocation;

    (c) grant Plaintiffs permanent relief enjoining the Defendants from enforcing the Order of Revocation; and

    (d) grant Plaintiffs such other relief as this court deems just and equitable.

## COUNT IV

In the alternative and assuming that the court finds that the Relevant Sections, as written, require covering in excess of the Thong Bottoms and Opaque Latex Tops, then Plaintiffs complain against the Municipal Defendants, as follows:

1-29. The Plaintiffs reassert the allegations contained in paragraphs 1 through 29 of count III as if fully restated in this count.

30. The Relevant Sections are unconstitutionally vague and, therefore, violate Plaintiffs' right to due process of law in that they provide insufficient guidance regarding compliance by failing to define:

a. the word "buttocks"; and

b. the materials needed to constitute a full and opaque covering of the breasts and buttocks.

31. The Municipal Defendants contend that the wording of the Relevant Sections are specific and provide guidance regarding both the areas of the body to be covered and the amount and type of covering required to comply with that section.

32. Therefore, a justiciable issues exists.

**WHEREFORE**, Plaintiffs Pooh Bah, Dancers and Patron respectfully request that the court:

(a) make a binding declaration that the Relevant Sections of the Code are unconstitutional on their face in that they prohibit expressive, non-obscene dancing in the Subject Property by persons when wearing Thong Bottoms and Opaque Latex Tops;

(b) grant Plaintiffs temporary relief *pendente lite* enjoining the Defendants from enforcing the Order of Revocation;

(c) grant Plaintiffs permanent relief enjoining the Defendants from enforcing the Order of Revocation;

(d) grant Plaintiffs such other relief as this court deems just and equitable.

13

## COUNT V

As and for count V, the Plaintiffs complain of the City, Daley and Mardis, as follows:

1-14.  The Plaintiffs reassert the allegations contained in paragraphs 1 through 14 of Count IV as if fully restated in this Count as paragraphs 1 through 14.

15-16.  The plaintiffs reassert the allegations contained in paragraphs 17 and 21 of Count IV as if fully restated in this Count as paragraphs 15 and 16, respectively.

17.  On June 1, 1993, Ace, by and through its sole shareholder, Mandera, acquired ("the June Change of Ownership") a 50% ownership in Pooh Bah from James Levin ("Levin").  This Change of Ownership was effective on June 1, 1993.

18.  On June 4, 1993 and again on June 21, 1993 (collectively, "June Notifications"), Pooh Bah, in writing, notified the Municipal Defendants, specifically, the Director of Revenue and Mardis, of the June Change of Ownership.  See exhibits C and D attached hereto and made a part hereof.

19.  In response to the Municipal Defendants' requests, and in support of the June Notifications, Ace and Mandera submitted an affidavit ("the June Affidavit"), attached hereto and incorporated herein as exhibit E.

20.  The June Affidavit was submitted solely to support the June notifications, and it accurately and truly reflects the June Change of Ownership.

21.  On August 9, 1993, Ace, by and through Mandera, purchased ("the August Change of Ownership") the remaining 50% ownership interest in Pooh Bah from Levin.

22.  On September 8, 1993, Pooh Bah, Ace and Mandera tendered written notification ("September Notice") to the City, specifically, the Director of Revenue, of the August Change of Ownership (exhibit F).  At that time, the Director of Revenue did not accept the tendered September Notice.

23.  Pooh Bah, Ace and Mandera again attempted to tender written notification of the August Change of Ownership to the Municipal Defendants on September 13, 1993 and

October 19, 1993. Both tendered notifications were refused. The Municipal Defendants finally accepted written notification of the August Change of Ownership on December 17, 1993.

24. Between May 1993 and May 1994, Pooh Bah, Ace and Mandera attempted, by contacting the LLCC and various City officials, to obtain and complete all paperwork required by the Municipal Defendants due to the change of ownership of Pooh Bah.

25. During that time, Ace and Mandera were investigated by the City police and were not found to have a background which would disqualify them from ownership of Pooh Bah because of its status as a liquor licensee.

26. On or about June 14, 1994, the Municipal Defendants issued to and served upon Pooh Bah a letter in the form of a notice of denial ("the Notice of Denial") in which they purported to deny Pooh Bah, Ace and Mandera's notification of a change of ownership and officers. A copy of the Notice of Denial is attached hereto as exhibit G and made a part hereof.

27. Section 4-60-060 requires that a corporate liquor licensee notify the City's Director of Revenue of a change in officers or ownership of more than 5% of the common stock.

28. As demonstrated by exhibits C, D and F, Pooh Bah fully complied with this requirement of notice.

29. Section 4-60-060 also requires that the new owner and/or officers of a corporate licensee satisfy all the eligibility requirements of a new applicant.

30. The police investigation noted in paragraph 25, supra, demonstrates that Ace and Mandera satisfied the new applicant eligibility requirements.

31. The defendants' Notice of Denial purports to deny, twelve months after the June Notification and nine months after the September Notification, the changes in ownership of Pooh Bah's common stock and the change in Pooh Bah's officers and directors.

32. By reason of the Notice of Denial, the Municipal Defendants claim that they have the authority to approve or disapprove a) the transfer of 5% or more of the common stock of Pooh Bah and/or b) the change of the officers and directors of Pooh Bah.

33. Plaintiffs, Pooh Bah, Ace and Mandera maintain that: 1) neither Section 4-60-060 nor any other section of the Municipal Code of Chicago grants the defendants the authority to prevent Pooh Bah's, or any licensee's, change of officers or directors or the transfer of 5% or more of its common stock; 2) Section 5/4-1 of the Illinois Liquor Control Act (235 ILCS 5/4-1 (1993)), which delineates the powers of the local liquor commission, does not grant the defendants the authority to prevent Pooh Bah's, or any licensee's, change of officers or directors or the transfer of 5% or more of its common stock; and 3) the City's Notice of Denial is not subject to administrative review.  Therefore, a justiciable issue exists.

WHEREFORE, Plaintiffs Pooh Bah, Ace and Mandera respectfully request that the court:

A.  Make a binding declaration that neither Section 4-60-060 nor any other section of the Municipal Code of Chicago grants the defendants the authority to prevent Pooh Bah's, or any licensee's, change of officers or directors or the transfer of 5% or more of its common stock;

B.  Make a binding declaration that Section 5/4-1 of the Illinois Liquor Control Act (235 ILCS 5/4-1 (1993)) does not grant the defendants the authority to prevent Pooh Bah's, or any licensee's, change of officers or directors or the transfer of 5% or more of its common stock;

C.  Make a binding declaration that the City's Notice of Denial is not subject to review by the LAC;

D.  Grant Plaintiffs permanent relief enjoining the defendants from claiming that the purchase by Ace of Pooh Bah's stock and the election of Mandera as an officer and director is not approved; and

E.  Grant Plaintiffs such other relief as this court deems just and equitable.

## COUNT VI

Pooh Bah complains of the defendants, the License Appeal Commission ("the LAC"), William D. O'Donaghue, Albert D. McCoy and Irving J. Koppel and Richard M. Daley, as follows:

1. The defendants, William D. O'Donaghue, Albert D. McCoy and Irving J. Koppel ("the Members"), are and were at all times hereinafter mentioned the duly appointed members of the LAC.

2. Daley is the Mayor and Local Liquor Control Commissioner of the City and is charged with the duty of enforcing the provisions of the liquor control and dramshop ordinances and statutes of and within the City. Daley performs these duties through the LLCC.

3. Pooh Bah is an Illinois corporation licensed by the State of Illinois and the City to sell alcohol at retail from its leased premises at 1531 North Kingsbury ("the Licensed Premises") in the City.

4. On or about March 22, 1993, the City served a Notice of Hearing ("the Notice") setting a hearing before the LLCC on certain alleged violations.

5. In the Notice, the City charged ("the Charges") that Pooh Bah violated certain sections of the Municipal Code ("the Municipal Code") of the City and of state statutes in that:

a. Pooh Bah permitted named females to engage in a live act, demonstration, dance or exhibition which exposed their buttocks and/or portions of their breasts at or below the areola in violation of Sec. 4-60-140(d) (Charges 1-19);

b. Pooh Bah permitted illegal activity, i.e., unlawful exposure of anatomical areas to occur, in violation of Sec. 8-4-090(b) (Charges 20-22);

c. On February 22, 23 and 24, 1993, Pooh Bah violated Sec. 4-60-140(b) and Sec. 8-4-090(b), thereby giving cause for revocation pursuant to Secs. 4-4-280 and 4-4-282 (Charge 23); and

d. On February 22, 23 and 24, 1993, Pooh Bah violated Sec. 4-60-140(b) and Sec. 8-4-090(b), thereby giving cause for revocation pursuant to state statute and Illinois Liquor Control Commission regulations (Charge 24).

17

6. On January 14, 1994, the LLCC, after holding evidentiary hearings on the Charges, determined that:

    a. Charges 1 through 22 were sustained; and

    b. Charges 23 and 24 were not sustained.

The LLCC ordered ("the Order of Revocation") that Pooh Bah's license to sell alcohol ("the Liquor License") and all other City licenses ("the Other City Licenses") be revoked.

7. Thereafter, Pooh Bah prosecuted an appeal to the LAC regarding the revocation of the Liquor License.

8. The LAC held a hearing on the appeal by Plaintiffs and, on January 24, 1995, entered an order ("the LAC Order") affirming the Order of Revocation. An application for rehearing ("the Application") was filed by Pooh Bah on February 16, 1995. On March 3, 1995, the LAC issued its order ("the Order of Denial"), denying the Application.

9. The Order of Revocation, the LAC Order and the Order of Denial are contrary to the law and to the manifest weight of the testimony adduced and the evidence presented at the hearing before the LLCC and said decisions are not supported by substantial evidence in light of the whole record before the LLCC.

10. The Order of Revocation is contrary to law in that said Order is not justified by the findings, but is an abuse of discretion.

11. This case arises essentially from events on February 22, 23 and 24, 1993 on the Licensed Premises.

12-44. Plaintiff Pooh Bah reasserts the allegations contained in paragraphs 1 through 33 of Count I as if fully restated as paragraphs 12 through 44 of this Count VI.

45. Plaintiffs specify that the entire record of proceedings, including all exhibits, of the hearing before the LLCC and the hearing before the LAC shall be filed by the LAC as part of its answer herein.

**WHEREFORE**, Plaintiffs pray:

(A)  That the Local Liquor Control Commission and the License Appeal Commission file an answer consisting of the record of the proceedings as it relates to the charges which allegedly form the basis of the orders entered.

(B)  That said record be judicially reviewed and the decisions rendered therein by the Local Liquor Control Commission and the License Appeal Commission be thereafter reversed and/or that this matter be remanded.

(C)  That Plaintiffs be granted an immediate stay whereby the Licensed Premises shall be permitted to remain open during the pendency of these hearings.

(D)  That Plaintiffs be granted such other and further relief as this Honorable Court may deem to be just and proper.

## COUNT VII

Pooh Bah complains of the LAC, the members, Daley and Mardis, as follows:

1-45.  Pooh Bah reasserts the allegations contained in paragraphs 1 through 45 of count VI as if fully restated as paragraphs 1 through 45 of this count VII.

46.  The law provides for no appeal or review of the Order of Revocation as it relates to the Other City Licenses and Pooh Bah has no remedy to have the same set aside, cancelled or reversed, except by order of this court to allow a writ of *certiorari* to be issued in due form of law, directed to the LAC and the Members, directing and commanding them to certify and bring the record of their proceedings in that behalf, before this court.

**WHEREFORE**, Pooh Bah prays that this court may order a writ of *certiorari* to issue in due form, directed to the LAC and the Members, directing and commanding them to certify and bring the record of the proceedings of the LAC before this court, and that said order may be reversed, set aside and wholly for naught esteemed.

## COUNT VIII

Assuming that the court finds that the Relevant Sections of the Code, as written, require covering in excess of the Thong Bottoms and Opaque Latex Tops, then Plaintiffs complain against the Municipal Defendants, as follows:

1-28. The Plaintiffs reassert the allegations contained in paragraphs 1 through 28 of Count I as if fully restated in this count VIII, except that all references to "Thee Doll House" are changed to "Crazy Horse Too".

29. As demonstrated by the U.S. Supreme Court's opinion in *44 Liquormart, Inc. v. Rhode Island*, 64 U.S.L.W. 4313 (1996), the City's ability to justify its restrictions upon free speech has been diminished. The actions of the Municipal Defendants as hereinabove described threaten Pooh Bah's constitutionally protected right of free speech and expression and its investment in the Subject Property and its business, Crazy Horse Too. The actions of the Municipal Defendants as hereinabove described threaten the Dancers' rights of free speech and expression as guaranteed by the United States Constitution. These same actions of the Municipal Defendants threaten the Patron's right to freely observe and receive expression as guaranteed by the United States Constitution.

30. The Relevant Sections are unconstitutional on their face in that no set of circumstances exist where the enforcement of these sections as to any premises licensed by the City in the same manner as Pooh Bah would not constitute a violation of a person's rights to free speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution in that the Relevant Sections:

    a. improperly discriminate against active expressive conduct in the form of live acts, demonstrations, dances and exhibitions as distinguished from passive presence and working;

    b. are vague and overbroad;

    c. effect a prior restraint; and

    d. unduly regulate the content of expression.

31. The Municipal Defendants dispute this, claiming that the prohibitions contained in the Relevant Section are necessary for the health, welfare and safety of the citizens, and therefore, do not unnecessarily and unreasonably infringe upon the rights of free

speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

32.     All of the foregoing acts of the City were done under color of law.

33.     All of the foregoing acts of the City were done pursuant to and in furtherance of a custom, policy and/or practice of the City.

34.     Based on the above and foregoing, the City has subjected Pooh Bah , the Dancers, and the Patron to a deprivation of their rights and privileges secured by the constitution and laws of the United States, by denying them the right to free speech and expression secured by the First and Fourteenth Amendments to the United States Constitution, in violation of the 42 U.S.C. Sec. 1983.

WHEREFORE, Plaintiffs Pooh Bah, Dancers and Patron respectfully request that this court:

(a)  make a binding declaration that the Relevant Sections of the Code are unconstitutional on their face in that they prohibit expressive, non-obscene dancing in the Subject Property by persons when wearing Thong Bottoms and Opaque Latex Tops;

(b)  grant Plaintiffs permanent relief enjoining the Defendants from enforcing the Order of Revocation;

(c)  award the Plaintiffs reasonable attorney's fees, pursuant to 42 U.S.C. Sec. 1988; and

(d)  grant Plaintiffs such other relief as this court deems just and equitable.

## COUNT IX

Assuming that the court finds that the Relevant Sections of the Code, as written, require covering in excess of the Thong Bottoms and Opaque Latex Tops, then Plaintiffs complain against the Municipal Defendants, as follows:

1-28.  The Plaintiffs reassert the allegations contained in paragraphs 1 through 28 of count I as if fully restated in this count IX, except that all references to "Thee Doll House" are changed to "Crazy Horse Too."

29.  Section 4-60-140 of the Code applies by its terms only to establishments licensed by the City to sell liquor at retail.  The City has not enacted a similar ordinance with respect to any other type of establishment or any other public areas.

30.  Persons regularly frequent public areas of the City, particularly the Lakefront and parks, in a state of dress which, if worn in an establishment licensed to sell liquor at retail, would violate Sec. 4-60-140 of the Code.

31.  The Relevant Sections are unconstitutional on their face.  No set of circumstances exist where the enforcement of these sections as to any premises licensed by the City in the same manner as Pooh Bah would not constitute a violation of a person's rights to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution in that the Relevant Sections:

a.  irrationally and unreasonably discriminate against a class of businesses, namely retail liquor licensed establishments, and do not regulate other businesses in the same fashion; and

b.  irrationally and unreasonably discriminate against commercial entities in favor of non-commercial activities.

32.  All of the foregoing acts of the City were done under color of law.

33.  All of the foregoing acts of the City were done pursuant to and in furtherance of a custom, policy and/or practice of the City.

34.  Based on the above and foregoing, the City has subjected Pooh Bah , the Dancers, and the Patron to a deprivation of their rights and privileges secured by the constitution and laws of the United States, by denying them the right to equal protection secured by the Fourteenth Amendment to the United States Constitution, in violation of the 42 U.S.C. Sec. 1983.

WHEREFORE, Plaintiffs Pooh Bah, Dancers and Patron respectfully request that this court:

(a)  make a binding declaration that the Relevant Sections of the Code are unconstitutional on their face in that they violate the guaranty of equal protection of the laws;

(b)  grant Plaintiffs permanent relief enjoining the Defendants from enforcing the Order of Revocation;

(c)  award the Plaintiffs reasonable attorney's fees, pursuant to 42 U.S.C. Sec. 1988; and

(d)  grant Plaintiffs such other relief as this court deems just and equitable.

## COUNT X

Plaintiffs complain against the Municipal Defendants, as follows:

1-28.  The Plaintiffs reassert the allegations contained in paragraphs 1 through 28 of Count I as if fully restated in this Count X, except that all references to "Thee Doll House" are changed to "Crazy Horse Too".

29.  The City assesses upon and collects the following fees from against Pooh Bah under the guise of the power to license:

| | |
|---|---|
| Public Place of Amusement | $5,000.00 annually |
| Liquor-Tavern License (including music, dance, and special permit) | $2,125.00 annually |
| Limited Business License | $  100.00 annually |

30.  By reason of the power of the Mayor to revoke all City Licenses as established in Sec. 4-4-280 of the Code and as demonstrated herein by the City's revocation of all of Pooh Bah's City licenses, the aforementioned licenses issued to Pooh Bah are in effect one City license.

31.  These license fees, as assessed and collected on account of the aforementioned licenses, bear no rational relationship to the City's costs licensing and regulating the business of amusement, the retail sale of liquor and the sale of cigarettes.

32.  Instead, these fees are imposed for the purpose of raising revenue in violation of Article VII, Section 6(e) of the Illinois Constitution.

23

WHEREFORE, Plaintiff Pooh Bah respectfully request that this court:

(a) make a binding declaration that Sections 4-5-010(4), 4-5-010(67) and 4-5-010(107) of the Code imposing these license fees are unconstitutional on their face in that they license for revenue;

(b) grant Plaintiffs permanent relief enjoining the Defendants from enforcing Sections 4-5-010(4), 4-5-010(67) and 4-5-010(107) of the Code; and

(c) grant Plaintiffs such other relief as this court deems just and equitable.

---

ROBERT J. WEBER
ANNE T. BOTTINI
221 N. LaSalle St., Suite 3800
Chicago, IL 60601
(312) 782-1983

DAVID A. EPSTEIN
David A. Epstein, Ltd.
30 North LaSalle Street
Suite 3400
Chicago, IL 60602