FILED
SEP 09 1996
H. STUART CUNNINGHAM, Clerk
U.S. DISTRICT COURT

FILED
SEP 09 1996
H. STUART CUNNINGHAM, Clerk
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

POOH-BAH ENTERPRISES, INC., et al., )
)
                 Plaintiffs, )
)
v.                              )    No. 96 C 4642
)
CITY OF CHICAGO, et al., )
)
                 Defendants. )

NOTICE OF FILING

TO:    Diane M. Pezanoski
       Mary Beth S. Robinson
       City of Chicago Law Department
       30 North LaSalle Street, Suite 900
       Chicago, Illinois 60602

    PLEASE TAKE NOTICE that on September 6, 1996 we filed with the Clerk of the United States District Court, Northern District of Illinois the following pleading:

PLAINTIFFS' MOTION TO REMAND THIS ACTION, OR ALTERNATIVELY, TO REMAND COUNTS I-VII AND X AND TO STAY PROCEEDINGS ON COUNTS VIII AND IX PURSUANT TO 28 U.S.C. §1441(c) ON ABSTENTION GROUNDS,

a copy of which is attached hereto and herewith served upon you.

                                             _____
                                           One of the Attorney for Plaintiffs

Robert J. Weber
221 N. LaSalle Street, Suite 3800
Chicago, Illinois 60601
(312) 782-1983

David A. Epstein
DAVID A. EPSTEIN, LTD.
30 N. LaSalle Street, Suite 3400
Chicago, Illinois 60602
312/553-1479

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I certify that I have this personally served the foregoing Notice of Filing and attached Motion upon the attorneys for defendants as identified and at their office addresses set forth in the foregoing notice on September 9, 1996 before 5:00 p.m. by personally delivering said copies to their offices at 30 N. LaSalle Street, Chicago, Illinois.

_____
One of the attorneys for Plaintiffs

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

POOH-BAH ENTERPRISES, INC., an Illinois corporation; )
ACE ENT. COMPANY, INC., an Illinois corporation; )
PERRY MANDERA, President of Pooh-Bah Enterprises, )
Inc. and Ace Ent. Company, Inc.; LISA D. SIMS, )
CHRISTEN E. HADSALL, and SUSAN L. LJENQUIST, )
entertainers and dancers; and PETER ABRUZZO, )
)
Plaintiffs, )
)
v. ) No. 96 C 4642
)
CITY OF CHICAGO, an Illinois municipal corporation; )
RICHARD M. DALEY, in his official capacity as Mayor )
of the City of Chicago; and WINSTON MARDIS, in his )
official capacity as Director of the Mayor's License )
Commission; the LICENSE APPEAL COMMISSION, )
WILLIAM D. O'DONAGHUE, Chairman, ALBERT D. )
McCOY and IRVING J. KOPPEL, Commissioners, )
)
Defendants. )

**PLAINTIFFS' MOTION TO REMAND THIS ACTION,
OR ALTERNATIVELY, TO REMAND COUNTS I-VII AND X
AND TO STAY PROCEEDINGS ON COUNTS VIII AND IX
PURSUANT TO 28 U.S.C. §1441(c) ON ABSTENTION GROUNDS**

Come now the plaintiffs, **Pooh-Bah Enterprises, Inc., Ace Ent. Company, Inc., Perry Mandera, Lisa D. Sims, Christen E. Hadsall, Susan L. Ljenquist** and **Peter Abruzzo**, by their attorneys, **Robert J. Weber** and **David A. Epstein**, and MOVE this Honorable Court to remand this action to the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. §1441(c) on the basis that (a) the state claims overwhelmingly predominate in this 10-count action; and (b) the resolution of the state claims may moot the two federal (constitutional) claims presented. Alternatively, plaintiffs request the Court to remand the eight state law claims (Counts I, II, III, IV, V, VI and X) to the Circuit Court of Cook County and to stay proceedings in this court on the two federal civil rights claims (Counts VIII and IX), pending disposition of the state claims in the Illinois courts.

In support whereof, plaintiffs respectfully state as follows:

1. This multi-count action has been pending in the Circuit Court of Cook County since May 18, 1993. During the 3+ years of litigation in the Illinois court before the City of Chicago's removal effort, motions to dismiss original Counts I-IV were briefed, argued and denied by the State court. Count V, a purely local and state law matter, was fully briefed to Circuit Judge Jaffe when defendants, with leave, filed their Third Amended Complaint, and that count (identical in the Third Amended Complaint) was ripe for decision by the State court at the time of the City's removal action.

2. Plaintiffs amended their state court complaint in 1996 to add, <u>inter alia</u>, federal free speech, due process and equal protection claims predicated upon the change in liquor license law articulated in the U.S. Supreme Court's 1996 decision in <u>44 Liquormart, Inc. v. Rhode Island</u>, __ U.S. ___, 64 U.S.L.W. 4313 (1996). These are the <u>only</u> two federal claims in this case. The Third Amended Complaint also added a State constitutional claim attacking and seeking to invalidate the multiple City of Chicago "regulatory" ordinances and associated "license fees" that are being applied against plaintiff Pooh-Bah and similarly situated liquor licensees (Count X).

3. Eight of the ten counts pending in this case are <u>solely</u> based on Illinois law or on City of Chicago ordinance (which stands on the same state law footing). At least 6 of the 10 counts are based on Illinois constitutional law. Two of the Counts present pure issues of construction and application of City ordinances.

4. For the convenience of the Court, and for brevity, a chart summarizing the ten counts of this action is appended as Exhibit A, and is incorporated in this motion.

5. Plaintiffs invoke the <u>Pullman</u> doctrine of abstention, and suggest that the <u>Colorado River</u> doctrine also supports their request for this court to abstain from exercising its jurisdiction over the entirety of this case or at a minimum over the state claims in this case.

2

6. This motion will be further supported by a brief to be filed in support hereof in accordance with such briefing schedule as the court may set.

WHEREFORE, plaintiffs request this Court to remand this cause to the Circuit Court of Cook County, Illinois from which it was improvidently removed, or alternatively, to remand Counts I-VII and X to the Circuit Court of Cook County and to stay proceedings on Counts VIII and IX pending resolution of the remanded counts.

Respectfully Submitted,

POOH-BAH ENTERPRISES, INC., an Illinois corporation, ACE ENT. COMPANY, INC., an Illinois corporation, PERRY MANDERA, President of Pooh-Bah Enterprises, Inc. and Ace Ent. Company, Inc., LISA D. SIMS, CHRISTEN E. HADSALL, SUSAN L. LJENQUIST and PETER ABRUZZO

By: _____
One of their attorneys

Robert J. Weber
221 N. LaSalle Street, Suite 3800
Chicago, Illinois 60601
(312) 782-1983

David A. Epstein
DAVID A. EPSTEIN, LTD.
30 N. LaSalle Street, Suite 3400
Chicago, Illinois 60602
312/553-1479

<u>Attorneys for Plaintiffs</u>

Pooh Bah Enterprises, Inc. v. City of Chicago[1]

## SUMMARY OF PENDING CLAIMS
## THIRD AMENDED COMPLAINT

| Count | State/Federal | Basis | Nature of Claim |
|---|---|---|---|
| I | State | Chicago Liq. Ord. §4-60-140(d) | Interpretation of City ordinance |
| II | State | Illinois Constitution, Art. 1, §4 | Unconstitutionality of §4-60-140 as applied (free speech). |
| III | State | Illinois Constitution, Art. 1, §4 | Unconstitutionality of §4-60-140 on its face (free speech). |
| IV | State | Illinois Constitution, Art. 1, §2 | Unconstitutionality of §4-60-140 on its face (due process; vagueness). |
| V | State | Chicago Liq. Ord. §4-60-060(c) | Interpretation of City liq. ordinance, State liq. statute; dispute of "authority" of City to approve/disapprove change of ownership, officers of corporate licensee; injunction to compel City to recognize 1993 changes. |
| VI | State | Administrative review of City license revocation proceedings | Manifest weight of evidence review of hearing record; Interpretation, application of Ord. §4-60-140(d); Challenge to §4-60-140(d) under Ill. Const., Art. 1, §2, §4 |
| VII | State | Certiorari review of City revocation of non-liq. licenses | Interpretation, application of various City license ordinances; cumulative remedies and violations provisions of ordinances; Challenge to §4-60-140(d) under Ill. Const., Art. 1, §2, §4 |
| VIII | Federal | U.S. Const., Amendments I, XIV; §1983 action | Unconstitutionality of Liq. Ord. §4-60-40, on its face, under Ist Amendment (Free Speech); discrimination against expressive conduct; vagueness and overbreadth; prior restraint of expression; regulation of content of expression; |
| IX | Federal | U.S. Const., Amendment XIV (eq.protection); §1983 action | Unconstitutionality of Liq. Ord. §4-60-40, on its face; discrimination against liquor businesses, commercial entities; |
| X | State | Illinois Constitution Art. VII, §6(e) | License fees collected under various related City ordinances constitute unconstitutional licensing for revenue; enjoin unconstitutional ordinances, fees. |

---

[1] No. 93 CH 4559 (Cir.Ct., Cook Co. Ill.); No. 96 C 4642 (U.S.Dist.Ct., N.Dist.Ill.)(removed).